**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH WRIGHT,** | : | Civil No. 4:11-CV-2310 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **NORTHUMBERLAND COUNTY COURTS,** | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

**I.   STATEMENT OF FACTS AND OF THE CASE**

This is a *pro se* civil rights complaint brought by Kenneth Wright on December 13, 2011.  Wright's *pro se* complaint is an enigmatic document which apparently seeks far-reaching relief.  Much of the complaint consists of court records filed in the Northumberland County Courts, records of criminal charges currently lodged against Wright for driving under suspension and driving under the influence of alcohol. (Id.)

Set against the backdrop of these alcohol-fueled state criminal traffic offenses, Wright's federal civil complaint then recites that the plaintiff is a "Secured Party/Creditor Pro-Se, a living breathing man." (Id.)  Wright further avers that: "All

1

Crimes Are Commercial, " and insists that "citizens of the states have a common law right to travel, Without approval or restriction." (Id.)

After defining himself as a living breathing man, asserting a commercial theory of criminal jurisprudence, and invoking a common law right to travel, Wright states: "I Kenneth Wright Secured Party will move for dismissal [of the state traffic charges] for cause." (Id.) Therefore, liberally construed, Wright's *pro se* complaint appears to turn to the federal courts to enjoin the state from enforcing its laws forbidding drunk driving and requiring drivers to be licensed.

Along with this complaint Wright filed a motion for leave to proceed *in forma pauperis*. (Doc. 2) As part of our statutorily-mandated screening review of *pro se* complaints filed by litigants seeking leave to proceed *in forma pauperis* we have reviewed Wright's complaint. Having completed this review we conclude that Wright's motion for leave to proceed *in forma pauperis* should be granted, but recommend that this complaint be dismissed for failure to state a claim upon which relief can be granted since: (1) the Eleventh Amendment forbids plaintiffs from bringing damages actions against the state in federal court; (2) principles of federalism call upon us to abstain from entertaining a lawsuit which would enjoin a pending state criminal case; and (3) Wright has not shown that he is entitled to injunctive relief.

**II.   DISCUSSION**

### A.     <u>Screening Review of Pro Se Complaints-Standard of Review</u>

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly,</u> 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008) and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion

to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In our view, these heightened pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we apply this analysis both when assessing the adequacy of the factual assertions set forth in the complaint, and when examining whether a complaint names proper parties to the lawsuit. Applying this standard, we find that the allegations in the *pro se* complaint are subject to dismissal for failure to state a claim upon which relief can be granted. Our review of the Plaintiff's complaint has identified the following deficiencies in this pleading, which we discuss further below:

> **B.  The Eleventh Amendment to the United States Constitution Prohibits Wright From Suing the Commonwealth Of Pennsylvania for Damages in Federal Court**

At the outset, to the extent that Wright may seek to recover damages from the Commonwealth of Pennsylvania in this lawsuit as a result of its enforcement of state law against him, this complaint runs afoul of basic constitutional and statutory rules limiting lawsuits against states, state agencies and officials. First, as a matter of constitutional law, the Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the . . . States . . . .", U. S. Const. Amend XI. By its terms, the Eleventh Amendment strictly limits the power of federal

courts to entertain cases brought by citizens against the state and state agencies. Pursuant to the Eleventh Amendment, states, state agencies and state officials who are sued in their official capacity are generally immune from lawsuits in federal courts brought against them by citizens. Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996). The Commonwealth's immunity exists as a matter of law unless waived by the state, or expressly and unequivocally abrogated by Congress. To our knowledge, Congress has not expressly abrogated this constitutional immunity with respect to federal lawsuits involving dog law enforcement, and it is evident that the Commonwealth has not waived its immunity. Quite the contrary, the Commonwealth has specifically by statute invoked its Eleventh Amendment immunity in 42 Pa.C.S.A. §8521(b). While Pennsylvania has, by law, waived sovereign immunity in limited categories of cases brought against the Commonwealth in state court, see 42 Pa.C.S.A. §8522, Section 8521(b) flatly states that: "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." 42 Pa.C.S.A. §8521(b).

Absent an express waiver of the immunity established by the Eleventh Amendment, the state, state agencies, and their employees who are sued in their official capacities, are absolutely immune from lawsuits in federal court. Moreover

as a matter of statutory interpretation, the plaintiff cannot bring a damages action against the Commonwealth since it is well-settled that a state, a state agency, or a state official acting in an official capacity is not a "person" within the meaning of 42 U.S.C. §1983. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989). These state agencies, which enjoy immunity from lawsuit under the Eleventh Amendment, include the various county common pleas court agencies which are defined by statute as arms of the state courts, and, therefore, are institutions of state government. See, e.g., Walters v. Washington County, No. 06-1355, 2009 WL 7936639 (W.D. Pa. March 23, 2009); Van Tassel v. Lawrence County Domestics Relations Section, No. 09-266, 2009 WL 3052411 (W.D. Pa. Sept. 22, 2009). Accordingly, as a threshold matter, the Eleventh Amendment to the United States Constitution forbids Wright from maintaining a damages action in federal court.

    **C.**    **While a State Criminal Case is Pending Against Wright This Court Should Abstain From Ruling Upon His Claims.**

Further, we note that the plaintiff also appears to request a permanent injunction, enjoining the State from pursuing its pending criminal prosecution of the plaintiff, and otherwise enforcing Pennsylvania's laws relating to drunk driving and licensing of drivers. While the Eleventh Amendment does not forbid parties from seeking to enjoin state agencies, see Millikin v. Bradley, 433 U.S. 267, 289 (1977),

this complaint, which invites this Court to enjoin a pending state criminal case, runs afoul of another settled tenet of federal law, the Younger abstention doctrine.

This doctrine is inspired by basic considerations of comity that are fundamental to our federal system of government. As defined by the courts: "Younger abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding. See Younger v. Harris, 401 U.S. 37, 41 (1971) ('[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.')." Kendall v. Russell, 572 F.3d 126, 130 (3d Cir. 2009).

This doctrine, which is informed by principles of comity, is also guided by these same principles in its application. As the United States Court of Appeals for the Third Circuit has observed:

> "A federal district court has discretion to abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir.2005) (citing Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). As noted earlier, the Younger doctrine allows a district court to abstain, but that discretion can properly be exercised only when (1) there are ongoing state proceedings

that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241, 248 (3d Cir.2008).

Kendall v. Russell, 572 F.3d at 131.

Once these three legal requirements for Younger abstention are met, the decision to abstain rests in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319, 325 (3d Cir. 2004). Moreover, applying these standards, federal courts frequently abstain from hearing matters which necessarily interfere with on-going state criminal cases. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002).

In this case, Wright's complaint reveals that all of the legal prerequisites for Younger abstention are present in this case. First, it is evident that there are on-going state criminal proceedings in this case. Second, it is also apparent that those proceedings afford Wright a full and fair opportunity to litigate these constitutional issues in the first instance in these pending state cases. Finally, it is clear that the state proceedings implicate important state interests, since this matter involves enforcement of state criminal laws forbidding operation of an automobile under the influence of alcohol, state laws whose constitutionality is beyond serious dispute. Pennsylvania v.

Muniz, 496 U.S. 582 (1990)(rejecting constitutional challenge to Pennsylvania DUI statute).

Since the legal requirements for Younger abstention are fully met here, the decision to abstain rests in the sound discretion of this Court. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319, 325 (3d Cir. 2004). However, given the important state interests that exist in law enforcement in this field, a field traditionally reserved to the states, and recognizing that the state courts are prepared to fully address the merits of this matter in the near future, we believe that the proper exercise of this discretion weighs in favor of abstention and dismissal of this federal case at the present time. Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319 (3d Cir. 2004); Zahl v. Harper, 282 F.3d 204 (3d Cir. 2002).

### D.   Wright Cannot Show An Entitlement to Injunctive Relief

Finally, entirely aside from these abstention issues, Wright's complaint for injunctive relief fails on its merits. While the precise tenor of this claim is unclear, it appears that Wright seeks both preliminary and permanent injunctions, forbidding the state from enforcing its laws forbidding drunk driving and requiring drivers to be licensed.

Wright faces an exacting burden when he seeks to preliminarily or permanently enjoin state law enforcement. At the outset, *pro se* pleadings, like those filed here,

which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained: "Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) ( quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir.2001); Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006)(denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right. <u>Kerschner v. Mazurkewicz</u>, 670 F.2d 440, 443 (3d Cir. 1982)(affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials).  It is an extraordinary remedy.  Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party.  As a threshold matter, "it is a movant's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." <u>Emile</u>, 2006 WL 2773261, at * 6 (quoting <u>Campbell Soup Co. v. ConAgra, Inc</u>., 977 F .2d 86, 91 (3d Cir.1992)).  Thus, when considering such requests, courts are cautioned that:

> "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (emphasis deleted). Furthermore, the Court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." <u>Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53</u>, 520 F.2d 1220, 1230 (6th Cir.1975), <u>cert. denied</u>, 428 U.S. 909 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." <u>Madison Square Garden Corp. v. Braddock</u>, 90 F.2d 924, 927 (3d Cir.1937).

<u>Emile</u>, 2006 WL 2773261, at *6.

Accordingly, to sustain this burden of proof that Wright is entitled to a preliminary injunction under Fed.R.Civ.P. 65, the plaintiff must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989)(emphasis in original), (quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)).

In addition, with respect to the second benchmark standard for a preliminary injunction, whether the movant will be irreparably injured by denial of the relief, in this context it is clear that:

> Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir.1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848, 110 S.Ct. 144, 107 L.Ed.2d 102 (1989). In fact, the Plaintiff must show *immediate* irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994) (citations omitted).

14

> Additionally, "the claimed injury cannot merely be possible, speculative or remote." <u>Dice v. Clinicorp, Inc.</u>, 887 F.Supp. 803, 809 (W.D.Pa.1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury ..." <u>Acierno</u>, 40 F.3d at 655 (citation omitted).

<u>Messner</u>, 2009 WL 1406986, at *4 .

Applying these legal standards in a case such as this, where the "Plaintiff's request for immediate relief in his motion for preliminary injunction necessarily seeks resolution of one of the ultimate issues presented in his . . . Complaint, . . . [the] Plaintiff cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court, upon consideration of Defendants' motion to dismiss, or at trial. As a result, Plaintiff's motion for preliminary injunction should be denied." <u>Messner</u>, 2009 WL 1406986, at *5.

Similarly, Wright's request for a permanent injunction requires a specific and precise legal showing. "A court may issue a permanent injunction [only] where the moving party has demonstrated that: (1) the exercise of jurisdiction is appropriate; (2) the moving party has actually succeeded on the merits of its claim; and (3) the 'balance of equities' favors granting injunctive relief. <u>Ciba-Geigy Corp. v. Bolar Pharmaceutical Co.</u>, 747 F.2d 844 (3d Cir.1984)." <u>Chao v. Rothermel</u>, 327 F.3d 223, 228 (3d Cir. 2003).

Judged under either of these legal standards, Wright's requests for injunctive relief fails for several reasons.  First, Wright cannot show an equitable need for this extraordinary relief at this time since he can fully protect his interests by raising these issues as defenses in the pending state criminal case.

More fundamentally, Wright cannot meet the most basic of requirements for an injunction.  He cannot show that he would prevail on the merits of these claims attacking the constitutionality of the Pennsylvania laws forbidding drunk driving and requiring drivers to be licensed.  Wright cannot make this showing because the courts have uniformly rejected broadly based constitutional challenges to these state laws, holding that constitutionality of these state statutes is beyond serious dispute. Pennsylvania v. Muniz, 496 U.S. 582 (1990)(rejecting constitutional challenge to Pennsylvania DUI statute). Given this legal consensus, sustaining the constitutionality of these laws, Wright's efforts to enjoin enforcement of the laws as unconstitutional simply fail.

In sum, at present, without the inclusion of some further well-pleaded factual allegations, the complaint contains little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which as a legal matter] do not suffice."  Ashcroft v. Iqbal, supra 127 S.Ct. at 1979.  More fundamentally, the complaint fails because: (1) it is brought against the

Commonwealth of Pennsylvania, which is immune from the suit for damages; (2) this Court should abstain from taking action which may interfere with a pending state criminal case enforcing laws which lie in the province of the state; and (3) the constitutionality of these state laws has been fully considered, and sustained, by the courts.

We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, however, the plaintiff has failed to state a viable civil rights cause of action, and the factual and legal grounds proffered in support of the complaint make it clear that the plaintiff has no right to relief. Therefore, granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, it is recommended that the complaint be dismissed without further leave to amend.

### **III.    Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed for the failure to state a claim upon which relief can be granted.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 15th day of December 2011.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
